UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - x
                                    :
UNITED STATES OF AMERICA            :
                                    :
     -v-                            :     **INDICTMENT**
                                    :
ANDRES ALMONTE,                     :     S1 07 Cr. 619 (RMB)
     a/k/a "Frankie,"               :
YOKE MING POH,                      :
     a/k/a "Goa Loa,"               :
WAY NG,                             :
     a/k/a "Shorty,"                :
KHOO CHEE HOENG,                    :
     a/k/a "Poon Chi Hung,"         :
DA HE CAO, and                      :
HOW CHONG YEONG,                    :
     a/k/a "Fu Zai,"                :
                                    :
          Defendants.               :
- - - - - - - - - - - - - - - - - - x

## COUNT ONE

The Grand Jury charges:

1.   From at least in or about September 2006, up to and including at least in or about May 2007, in the Southern District of New York and elsewhere, ANDRES ALMONTE, a/k/a "Frankie," YOKE MING POH, a/k/a "Goa Loa," WAY NG, a/k/a "Shorty," KHOO CHEE HOENG, a/k/a "Poon Chi Hung," DA HE CAO, and HOW CHONG YEONG, a/k/a "Fu Zai," the defendants, and others known and unknown, unlawfully, intentionally and knowingly did combine, conspire, confederate and agree together and with each other to violate the narcotics laws of the United States.

2.   It was a part and an object of the conspiracy that

ANDRES ALMONTE, a/k/a "Frankie," YOKE MING POH, a/k/a "Goa Loa," WAY NG, a/k/a "Shorty," KHOO CHEE HOENG, a/k/a "Poon Chi Hung," DA HE CAO, and HOW CHONG YEONG, a/k/a "Fu Zai," the defendants, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, to wit, one kilogram and more of mixtures and substances containing a detectable amount of heroin, in violation of Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(A).

## Overt Acts

3. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

   a. On or about October 3, 2006, and on or about October 12, 2006, YOKE MING POH, a/k/a "Goa Loa," the defendant, sold quantities of heroin to a cooperating witness (the "CW").

   b. On or about October 11, 2006, at approximately 6:30 p.m., WAY NG, a/k/a "Shorty," the defendant, spoke to the CW over the telephone, and the CW told NG in coded language that he wanted to purchase a quantity of heroin from POH the following day. NG agreed to contact POH and tell him to call the CW.

   c. On or about March 6, 2007, at approximately 7:30 p.m., HOW CHONG YEONG, a/k/a "Fu Zai," the defendant, spoke

with POH in coded language over the telephone, and YEONG agreed to provide another individual with a quantity of heroin for POH.

   d. On or about March 13, 2007, at approximately 5:30 p.m., DA HE CAO, the defendant, spoke with POH in coded language over the telephone, and CAO told POH to reserve a quantity of heroin for him to pick-up.

   e. On or about March 17, 2007, at approximately 6:30 p.m., KHOO CHEE HOENG, a/k/a "Poon Chi Hung," the defendant, spoke with POH in coded language over the telephone, and HOENG agreed to bring POH a quantity of heroin.

   f. On or about March 21, 2007, at approximately 5:30 p.m., ANDRES ALMONTE, a/k/a "Frankie," the defendant, spoke to POH over the telephone, and ALMONTE told POH in coded language that he had heroin for POH, and needed payment from POH.

   (Title 21, United States Code, Section 846.)

### **FORFEITURE ALLEGATION**

   4. As a result of committing the controlled substance offense alleged in Count One of this Indictment, ANDRES ALMONTE, a/k/a "Frankie," YOKE MING POH, a/k/a "Goa Loa," WAY NG, a/k/a "Shorty," KHOO CHEE HOENG, a/k/a "Poon Chi Hung," DA HE CAO, and HOW CHONG YEONG, a/k/a "Fu Zai," the defendants, shall forfeit to the United States pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds the said defendants obtained directly or indirectly as a result of the

3

said violation and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged in Count One of this Indictment.

<u>Substitute Asset Provision</u>

  a. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

  (1) cannot be located upon the exercise of due diligence;

  (2) has been transferred or sold to, or deposited with, a third person;

  (3) has been placed beyond the jurisdiction of the Court;

  (4) has been substantially diminished in value; or

  (5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said

defendant up to the value of the above forfeitable property.

(Title 21, United States Code, Sections 841(a)(1) and 853.)

_____
FOREPERSON

_____
MICHAEL J. GARCIA
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

UNITED STATES OF AMERICA

- v. -

ANDRES ALMONTE,
a/k/a "Frankie,"
YOKE MING POH,
a/k/a "Goa Loa,"
WAY NG,
a/k/a "Shorty,"
KHOO CHEE HOENG,
a/k/a "Poon Chi Hung,"
DA HE CAO, and
HOW CHONG YEONG,
a/k/a "Fu Zai,"

**Defendants.**

---

**INDICTMENT**

07 CR ____

(Title 21, United States Code, Section 846)

MICHAEL J. GARCIA
United States Attorney.

A TRUE BILL

_____
Foreperson.

7/12/07 filed indictment.
s/ mag judge katz